## (April 24, 1975)

■ The People of the State of New York, Respondent, v Oscar Herring, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered January 15, 1974, upon a verdict convicting defendant of the crime of robbery in the first degree. Defendant raises several issues on this appeal from a conviction of robbery, first degree. The victim testified that on August 23, 1973 at 1:30 P.M. defendant confronted her in the vestibule of her home; that he struck her and pushed her down the cellar stairs causing her to break her wrist and cut her head; which necessitated 10 sutures to close; that defendant had a knife in his right hand; that he broke a gun case and took five weapons; that he took some $60 to $65 from the victim's pocketbook, in addition to her car keys; and that he used her car to escape. Defendant was subsequently indicted for robbery, first degree, two counts of assault, first degree, and grand larceny, third degree. Following a trial, defendant was convicted of robbery in the first degree. Defendant first contends that the court erred in refusing to direct the jury to disregard certain testimony of the victim concerning a knife which was not offered in evidence until after the testimony of a subsequent witness. The court ultimately sustained defendant's objection to the receipt of the knife. We find this contention to be without merit. Nor is there merit to defendant's contention that it was prejudicial error to allow the knife to be displayed in the courtroom after the court had refused to receive it in evidence. The record reveals that the victim described the knife in some detail and the court clearly instructed the jury that it could consider only the evidence received during the course of the trial and the exhibits in evidence in arriving at its verdict. In our view the court also properly denied defendant's motion for a mistrial on the basis that one of the prosecution's witnesses testified he compared a fingerprint "against the arrest card". There is also ample evidence to substantiate the victim's identification of defendant. She testified that she was in the defendant's presence for some 15 to 20 minutes and at one point was standing a few feet from him. Finally, we do not consider the remarks of the District Attorney in his summation such as to require a reversal. Furthermore, there is strong evidence in the record to justify the jury's guilty verdict. The defendant took no exception to the charge and the one request to charge was granted. The verdict should be affirmed. Judgment affirmed. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.